UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

```
                                            USDC SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
                                            DOC #: _____
                                            DATE FILED: October 15, 2013
```

SECURITIES AND EXCHANGE COMMISSION   :

           Plaintiff,                    :         12 Civ. 5028 (PAC)

  -against-                                  :         <u>ORDER</u>

HARBINGER CAPITAL PARTNERS LLC,             :
PHILIP A. FALCONE, and PETER A. JENSON,
                                            :
           Defendants.
                                            :
---------------------------------------------------------------X

      PAUL A. CROTTY, United States District Judge:

      On June 27, 2012, the SEC instituted this action against Harbinger Capital Partners, L.L.C. ("Harbinger"), Philip A. Falcone ("Falcone") and Peter A. Jenson ("Jenson"), for concealing two fraudulent schemes from investors—one to misappropriate $113.2 million from a hedge fund in the form of a loan to pay Falcone's personal tax liability, and the other to grant certain large investors preferential redemption rights in a separate fund in exchange for their vote to approve redemption restrictions on the Fund.  Jenson is charged in connection with the loan transaction, only.

      The SEC subsequently settled its action against Harbinger and Falcone.  As part of the settlement, Falcone and the Harbinger defendants admitted the SEC's allegations.

      The settlement leaves the three aiding and abetting charges concerning the loan to Falcone from the Fund pending against Jenson:  (1) Jenson aided and abetted violations of Section 10(b) of the Exchange Act and Rule 10b-5 (Claim Six); (2) Jenson aided and abetted violations of Sections 206(1) and (2) of the Advisers Act (Claim Seven); and (3) Jenson with

aiding and abetting violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 (Claim Eight).

Jenson moved to dismiss three aiding and abetting claims against him, (1) for failure to allege a primary violation, (2) for failure to plausibly allege that Jenson knew about the primary violation; and (3) for failure to satisfy Fed. R. Civ. P. Rule 9(b)'s heightened pleading requirement for fraud claims.

## BACKGROUND

A very brief review of the well-pleaded allegations of the complaint leads to but one conclusion:  Jenson's motion to dismiss must be, and is, DENIED.

Jenson was a Managing Director and Chief Operating Officer at Harbinger.  The SEC alleges that Jenson played a crucial role in Falcone's loan from the Harbinger Fund, with the loan secured by Falcone's interest in the Fund.  Jenson met with banks, law firms, made misrepresentations and ultimately signed the loan agreement on behalf of the Fund.  The loan was made at very favorable rates and was not disclosed for five months.  Jenson was involved in every aspect of what is alleged to be a violation of defendants' fiduciary duties:  he facilitated the execution of a self-dealing, advantageous loan to Falcone from the Fund in the 9 figure range at a time when all other fund investors were locked up; and further, that he failed to disclose the self-dealing nature of the loan transaction.

Jenson argues that the aiding and abetting claim under 10(b) and 10(b)(5) should be dismissed for failure to establish the alleged misconduct was in connection with a security transaction.  The argument is rejected.  <u>S.E.C. v. Zandford</u>, 535 U.S. 813 (2002).  Jenson was an associated person of Harbinger, an investment adviser.  His conduct in processing the loan was

of substantial assistance to his two co-defendants in violating Advisers Act §§ 206(1) and (2) and Advisers Act § 206(4) and Rule 206(4)-8.

Jenson's motion to dismiss is denied, and the Clerk of the Court is directed to terminate the motion at Doc. #29.

Jenson is directed to answer the complaint in the SEC's complaint by Friday, November 15, 2013. Thereafter, the parties should meet and confer to prepare a civil case management plan. When the completed plan is submitted, the Court will schedule the initial pretrial conference.

Dated: New York, New York
      October 15, 2013

SO ORDERED

*Paul A. Crotty* _____

PAUL A. CROTTY
United States District Judge