Crotty, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-1-14
```

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

    -against-

HARBINGER CAPITAL PARTNERS LLC;
PHILIP A. FALCONE; and PETER A. JENSON,

           Defendants.

12 Civ. 5028 (PAC)
ECF Case

**FINAL CONSENT JUDGMENT AS TO DEFENDANT PETER A. JENSON**

**WHEREAS**, the Securities and Exchange Commission ("Commission") filed a Complaint on June 27, 2012, in the civil action 12-CV-5028 (PAC) (the "Action"), alleging that Peter A. Jenson ("Jenson") aided and abetted Philip A. Falcone's ("Falcone") and Harbinger Capital Partners LLC's ("Harbinger") violations of Section 10(b) of the Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder, and Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 (the "Advisers Act"), and Rule 206(4)-8 thereunder, as result of the misappropriation of $113.2 million from a hedge fund for which Falcone and Harbinger served as investment advisers;

**WHEREAS**, Jenson has executed the Consent annexed hereto and incorporated herein for the purpose of settling the Action before the Court; and

**WHEREAS**, Jenson has entered a general appearance; consented to the entry of this Final Judgment; admitted the allegations of the Complaint as to personal and subject matter jurisdiction; admitted the facts set forth below and acknowledged that his conduct violated the

1

federal securities laws; and waived findings of fact and conclusions of law and any right to appeal from this Final Judgment in the Action; and

**WHEREAS,** Jenson admits to the following facts:

### JENSON'S ADMISSIONS

1. On August 13, 2013, Falcone and Harbinger entered into a Final Consent Judgment to resolve the claims asserted against them in the Action pending in the United States District Court for the Southern District of New York. As part of the Consent Judgment, Falcone and Harbinger admitted, among other things, that on October 14, 2009, without seeking or obtaining investor consent, in connection with the purchase, offer or sale of a security, Falcone improperly borrowed $113.2 million from the Harbinger Capital Partners Special Situations Fund, L.P. ("SSF") to pay his state and federal taxes.

2. Jenson, Harbinger's Chief Operating Officer, among other things, executed the loan agreement and other transaction documents on behalf of the SSF in connection with the loan.

3. The loan agreement provided that "[t]he Lender's counsel shall have provided advice to the Lender to the effect that the making of the Loan ... would not be inconsistent with the Borrower's fiduciary obligation to the Lender." Jenson, however, did not ensure that SSF as lender had separate counsel, and did not ensure that the loan was consistent with the Borrower's fiduciary obligation to the Lender.

4. Jenson also failed to ensure that Falcone paid an "above market" interest rate on the loan, failed to timely disclose the loan to investors, and failed to take actions to cause the SSF to accelerate Falcone's payment on the loan once investors in the SSF were permitted to begin redeeming their investments.

5.  Jenson, with knowledge of Falcone's and Harbinger's violations in connection with the loan, substantially assisted these violations.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

I.

Jenson shall be, and hereby is, enjoined from acting as or being an associated person of any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization (each a "Regulated Entity"), as those terms are defined in Section 3 of the Securities Exchange Act, 15 U.S.C. § 78(c), and Section 202 of the Investment Advisers Act, 15 U.S.C. § 80b-2; provided, however, that Jenson shall have the right:

(i)  No earlier than two years after the date of this Order, to apply to the appropriate Self-Regulatory Organization (SRO) or, if there is none, the Commission for consent to associate with a Regulated Entity on such terms and conditions as the SRO or the Commission, as applicable, deems appropriate; and

(ii)  Thereafter, to apply to the appropriate SRO or, if there is none, the Commission for consent to modify or amend the terms and conditions of association with that Regulated Entity.

Any such application by Jenson for permission to associate or to modify or amend the terms and conditions of association with a Regulated Entity shall be subject to the then-applicable laws and regulations governing the re-entry process. If such an application is granted, it shall not be a violation of this Order for Jenson to associate with a Regulated Entity on the terms and conditions prescribed by the SRO or Commission. Jenson shall not be permitted to associate with a Regulated Entity without first obtaining consent to associate with that Regulated Entity pursuant to this Section; consent to associate with one Regulated Entity shall not constitute consent to associate with any other Regulated Entity.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Jenson shall pay a civil penalty in the amount of $200,000 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 209 of the Advisers Act [15 U.S.C. § 80b-9]. Jenson shall make this payment within 14 days after entry of this Final Judgment.

Jenson may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Jenson may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jenson as a defendant in the Action; and specifying that payment is made pursuant to this Final Judgment.

Jenson shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in the Action. By making this payment, Jenson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Jenson. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Jenson shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

*NUNC PRO TUNC*
Dated: July 30, 2014 ~~, 2014~~

_____
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    -against-

HARBINGER CAPITAL PARTNERS LLC;
PHILIP A. FALCONE; and PETER A. JENSON,

    Defendants.

12 Civ. 5028 (PAC)
ECF Case

---

## CONSENT OF DEFENDANT PETER A. JENSON

1.    Defendant Peter A. Jenson ("Jenson") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Jenson hereby admits the facts contained in Annex A attached hereto; acknowledges that his conduct violated the federal securities laws; admits the allegations in the complaint as to personal and subject matter jurisdiction; and consents to the entry of a final judgment in the form attached hereto (the "Final Consent Judgment") and incorporated by reference herein, which, among other things:

    (a)    enjoins Jenson from acting as or associating with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and

    (b)    orders Jenson to pay civil penalties in the amount of $200,000 under Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)], and Section 209 of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-9].

3. Jenson agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including, but not limited to, payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Consent Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Jenson further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Consent Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Jenson waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Jenson waives the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

6. Jenson enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

7. Jenson agrees that this Consent shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

8. Jenson will not oppose the enforcement of the Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

2

9. Jenson waives service of the Final Consent Judgment and agrees that entry of the Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions. Jenson further agrees to provide counsel for the Commission, within thirty days after the Final Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he received and read a copy of the Final Consent Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Jenson in this civil proceeding. Jenson acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Jenson waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Jenson further acknowledges that the Court's entry of an injunction from acting as or associating with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization, may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the orders and/or injunctions entered in this action, Jenson understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Jenson understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaints or order for proceedings." As part of Jenson's agreement to comply with the terms of Section 202.5(e), Jenson: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or admission in the Final Consent Judgment, or creating the impression that the complaint or Final Consent Judgment is without factual basis; (ii) will not make or permit to be made any public statement to the effect that he does not admit the allegations of the complaint or the admissions in the Final Consent Judgment, or that this Consent contains no admission of the findings in the Final Consent Judgment; and (iii) upon the filing of this Consent, Jenson hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint or admission in the Final Consent Judgment. If Jenson breaches this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to its active docket. Nothing in this paragraph affects Jenson's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Jenson hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Jenson to defend against this action. For these purposes, Jenson agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

4

13. Jenson agrees that the Commission may present the Final Consent Judgment to the Court for signature and entry without further notice.

14. Jenson agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Consent Judgment.

Dated: July 11, 2014

Peter A. Jenson

On July 11, 2014, Peter A. Jenson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

Approved as to form:

Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
Telephone: (202) 879-5950 (Pommer)
Attorney for Peter A. Jenson

OFFICIAL SEAL
GLENN J BURNS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/30/17

5

## ANNEX A

1.On August 13, 2013, Philip A. Falcone ("Falcone") and Harbinger Capital Partners LLC ("Harbinger") entered into a Final Consent Judgment to resolve the claims asserted against them in the civil action 12-CV-5028 (PAC) (the "Action") pending in the United States District Court for the Southern District of New York. As part of the Consent Judgment, Falcone and Harbinger admitted, among other things, that on October 14, 2009, without seeking or obtaining investor consent, in connection with the purchase, offer or sale of a security, Falcone improperly borrowed $113.2 million from the Harbinger Capital Partners Special Situations Fund, L.P. ("SSF") to pay his state and federal taxes.

2.Peter A. Jenson ("Jenson"), Harbinger's Chief Operating Officer, among other things, executed the loan agreement and other transaction documents on behalf of the SSF in connection with the loan.

3.The loan agreement provided that "[t]he Lender's counsel shall have provided advice to the Lender to the effect that the making of the Loan ... would not be inconsistent with the Borrower's fiduciary obligation to the Lender." Jenson, however, did not ensure that SSF as lender had separate counsel, and did not ensure that the loan was consistent with the Borrower's fiduciary obligation to the Lender.

4.Jenson also failed to ensure that Falcone paid an "above market" interest rate on the loan, failed to timely disclose the loan to investors, and failed to take actions to cause the SSF to accelerate Falcone's payment on the loan once investors in the SSF were permitted to begin redeeming their investments.

5.Jenson, with knowledge of Falcone's and Harbinger's violations in connection with the loan, substantially assisted these violations.

6